## BROOKS-WATERFIELD CO. v. BROOKOVER et al.

(Circuit Court, S. D. Ohio, W. D. May 12, 1893.)

### No. 4,337.

1. CREDITORS' BILL—COLLATERAL TO SECURE ADVANCES—PRIORITIES.

Defendants deposited a note with a commission merchant as collateral security for advances to be used in the purchase of tobacco to be consigned to him for sale, and advances were made pursuant to the agreement. Thereafter, and while the agreement was in force, a creditors' bill was brought against defendants, and the commission merchant was served with process, in order to subject the note as assets in his hands. *Held,* that as to advances made in good faith before the suit was brought, he was entitled to hold the note as collateral for their repayment, whether they were used for the purchase of tobacco or not.

2. SAME—ADVANCES PENDING SUIT.

As to advances made after he was served with process, however, the pendency of the suit amounted to an equitable attachment of the note in his hands, and he was entitled to hold it as collateral for the repayment of only so much of such advances as was actually used by defendants in the purchase of tobacco to be consigned to him.

3. SAME—APPLICATION OF PROFITS.

The net proceeds of sales of tobacco so consigned should be applied to the payment of advances made before the merchant was served with process, and of so much of the advances made thereafter as was actually used in the purchase of tobacco; and he could not appropriate such proceeds wholly to the payment of such subsequent advances, and so reimburse himself therefor, without regard to whether they were used by defendant according to the agreement or not.

In Equity. Creditors' bill, brought by the Brooks-Waterfield Company against Robert C. Brookover and others. On exceptions to master's report. Exceptions sustained.

Ramsey, Maxwell & Ramsey, for complainant.
Avery & Avery and Joseph W. O'Hara, for defendants.

SAGE, District Judge. There are 24 exceptions. It is not necessary to consider them in detail. Among the assets of the defendants Brookover & Co., which the bill seeks to apply to the payment of the complainant's judgment, is a promissory note for $2,219.60, pledged as collateral to H. H. Hoffman, a leaf tobacco merchant of Cincinnati, to secure future advances for the purchase of tobacco by defendants, to be consigned by them to him for sale. Hoffman was made a party defendant, and served with process May 6, 1890. He filed his answer July 7, 1890. By its terms, the agreement between Brookover & Co. and Hoffman, which was made January 18, 1890, was to continue until the close of the tobacco season of that year; that is to say, until the following December

or January. Prior to the service of process upon him, Hoffman had advanced to Brookover & Co. $7,329, and had on hand in tobacco, at the purchase price, and in cash, proceeds of sale of tobacco, $4,186.21; and Brookover & Co. had on hand of the advances, or had expended for purposes other than the purchase of tobacco, $3,133.58. Hoffman advanced, after May 6, 1890, an additional sum, including interest and expenses, of $2,955. Brookover & Co.'s total purchases of tobacco prior to May 6, 1890, were $4,186.42; after that date, $1,913.22; and the expenses incidental to the business were $642.78; making a total of $6,742.42. The total amount of sales made by them and by Hoffman, and, since the institution of this suit, by the receiver herein, is $8,135. This statement, taken from the master's report, shows a profit on the purchases and sales of tobacco during the year of $1,392.58. As to the advances made by Hoffman for the purchase of tobacco before he was served with process, he is entitled to hold the note as collateral for their repayment, whether they were actually used for that purpose or not. As to advances made after the service of process, he can hold the collateral only for such as were actually used for the purchase of tobacco. With reference to prior advances, it is only necessary to show that they were made in good faith, because Brookover & Co. were bound by their receipt of the money, and could not release the collateral by proving their misuse of it; and the complainant is subject to all equities existing betweeen the parties at the date of bringing their suit. With reference to subsequent advances, the pendency of the suit amounted to an equitable attachment of the collateral in Hoffman's hands, and limited his claim to the terms of his agreement; and therefore he could rely upon the collateral only to the extent to which those advances were actually applied to the purchase of tobacco.

It is claimed, however, on behalf of Hoffman, that the profits on the purchases of tobacco are sufficient to reimburse the advances made by him after May 6, 1890, and not used by Brookover & Co. for the purchase of tobacco, and that they should be so applied. This claim is not well founded. After Hoffman was served with process, he still had the right to make advances according to the terms of the contract; but he was bound to see to their application. As to the advances not applied to the purchase of tobacco, he can have no recourse on the collateral, and must be remitted to his right as a general creditor. The proper application of the net proceeds of the sales of tobacco is to pay the advances made before May 6, 1890, and such of the advances made thereafter as were used for the purchase of tobacco. Interest will be allowed on the advances, and incidental expenses of the purchases of tobacco will be reckoned as part of the cost.

If counsel cannot agree upon the amounts, there will be a recommittal to the master to state them. All findings of the special master inconsistent with this opinion are set aside; also the finding that the partnership of Brookover & Co. was limited. Whatever may have been the interests of the partners inter sese, they were, as to the public, and as to those with whom they dealt, general partners.